**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANTHONY BRODZKI,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:12-CV-0834-N-BH |
| ) | |
| **CITY OF NORTH RICHLAND HILLS,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.  Plaintiff should be sanctioned $100.00 and barred from filing any further cases *in forma pauperis* without leave of the court.

**I. BACKGROUND**

On March 19, 2012, Plaintiff filed this action against the City of North Richland Hills.  He appears to claim that the police are harassing and torturing him with "outlawed disorientation equipment", which they allegedly hooked to his "private parts" and temples to cause him pain and sleep deprivation for several years.  He claims the police have done this based on rumors that he exposed himself in 1978 and engaged in inappropriate conduct with a minor, and that he was accused of being a pedophile and forced to confess in order to stop the torture.  He also claims that he was raped as a child, that the police displayed pictures of him being raped, and that he has since been raped by the police, a priest, and a judge.  He seeks an emergency temporary restraining order to end the torture and money damages.

**II. PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint

is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).[1] That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff claims that the police department has been torturing him with "disorientation equipment" and that he has been raped by the police and others because of rumors. (Complaint at 1-2). Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims lack an arguable basis in

---

[1] This action could have been filed in the Fort Worth Division because both parties are located in Tarrant County and his claims arise out of events allegedly occurring there. *See* 28 U.S.C. §§ 124(a)(2) (showing Tarrant County as being in the Fort Worth Division), 1391(b) (setting out where venue is proper). The Court may transfer the action to a more appropriate venue only when the transfer is in the interests of justice. *See* 28 U.S.C. § 1404(a). Given Plaintiff's litigation history and the frivolity of this action, the interests of justice favor dismissal rather than transferring this action to the Fort Worth Division.

fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). This action should be dismissed as frivolous.

### III. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has filed numerous actions in various district courts throughout the United States. He has been barred from filing any further *pro se* actions in the Northern District of Illinois without leave of the court after filing at least twelve cases there. *See In re Brodzki*, No.1:10-cv-4591 (N.D. Ill. July 23, 2010). After filing several frivolous suits in the Eastern District of Arkansas, the clerk of that court has been directed to accept no further *pro se* filings from Plaintiff. *See Brodzki v. United States*, 4:11-cv-0248-BRW (E.D.Ark. March 22, 2011). After numerous frivolous filings,

the District Court of Delaware has warned Plaintiff that future frivolous filings there could result in an order enjoining him from filing lawsuits in that court. *See Brodzki v. Fox Broadcasting*, No. 1:11-cv-1147-SLR (D. Del. Jan. 13, 2012).

After filing numerous frivolous actions in the Northern District of Texas, in April of 2010, Plaintiff was sanctioned $50.00 and barred from filing any civil action in the Northern District of Texas before paying the sanction. He was further cautioned that further abuses of the litigation process might result in additional monetary sanctions and a prohibition from filing future *in forma pauperis* cases except by leave of the court. *See Brodzki v. North Richland Hills Police Dept.*, 3:10-cv-0539-P (N.D. Tex. April 19, 2010). Since being sanctioned, Plaintiff has filed several additional actions in this district which have been either dismissed or closed for failure to pay the sanction. *See Brodzki v. Tarrant County*, No. 4:11-cv-0820-A (N.D. Tex. Nov. 28, 2011); *Brodzki v. State of Texas*, No. 2:12-cv-048-J (N.D. Tex. Feb 24, 2012); *Brodzki v. City of North Richland Hills*, 3:12-cv-051-B (N.D. Tex. Jan. 17, 2012). Three other actions were transferred to the Northern District of Texas from other courts and subsequently dismissed. *See Brodzki v. McDonalds Corp.*, 4:10-cv-0929-A (N.D. Tex. Dec. 8, 2010); *Brodzki v. Dept. of Justice*, 4:11-cv-0175-A (N.D. Tex. June 25, 2011); *Brodzki v. Texas Dept. Of Public Safety, et. al*, 4:11-cv-0465-A (N.D. Tex. July 13, 2011). On February 3, 2012, Plaintiff paid the $50.00 sanction. *See* 3:10-cv-0539-P.

Although Plaintiff has paid the monetary sanction, he has filed yet another frivolous case, and he continues to file frivolous cases in this district and others. He should be sanctioned $100.00, advised that he may not proceed with future actions in this Court without showing that he has paid that sanction, and prohibited from filing any future actions *in forma pauperis* in this Court without leave.

## IV.  RECOMMENDATION

This action should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff should be sanctioned.

**SIGNED this 22nd day of March, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE